2011 OK 47

**STATE of Oklahoma, ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Rhonda V. NOLAND, Respondent.**

**SCBD No. 5747.**

Supreme Court of Oklahoma.

May 24, 2011.

**ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS**

¶1 The State of Oklahoma, ex rel. Oklahoma Bar Association (complainant) has presented this Court with an application to approve the resignation of respondent, Rhonda V. Noland, from membership in the Oklahoma Bar Association. Respondent seeks to resign pending disciplinary proceedings and investigation into alleged misconduct as provided in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A. Upon consideration of the complainant's application and respondent's affidavit for resignation, we find:

1. Respondent executed her resignation on May 5, 2011;

2. Respondent's resignation was freely and voluntarily tendered, she was not subject to coercion or duress, and she was fully aware of the consequences of submitting her resignation;

3. Respondent was aware that the Office of the General Counsel of the Oklahoma Bar Association had received and was investigating grievance DC 10–94, alleging respondent misappropriated a large amount of funds from the trust account of a minor under respondent's guardianship. Respondent's affidavit of resignation stated she pled nolo contendere to one count of embezzlement in Cleveland County, Oklahoma, case no. CF–2010–1134, in connection with the misappropriation of the ward's funds;

4. Respondent is aware that the allegations concerning the conduct specified in paragraph three (3) above, if proven, would constitute violations of Rules 1.15, 8.4(b), and 8.4(c) of the Oklahoma Rules of Professional Conduct, 5 O.S.2001, Ch. 1, App. 3–A and Rule 1.3, Oklahoma Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, and her oath as an attorney;

5. Respondent acknowledges that as a result of her conduct the Client Security Fund may receive claims from her former clients. She agrees that should the Oklahoma Bar Association approve and pay such Client Security Fund claims, she will reimburse the fund the principal amount and the applicable statutory interest prior to filing any application for reinstatement;

6. Respondent recognizes and agrees she may not make application for reinstatement to membership in the Oklahoma Bar Association prior to the expiration of five years from the effective date of this Court's approval of her resignation; she acknowledges she may be reinstated to practice law only upon compliance with the conditions and procedures prescribed by Rule 11 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A;

7. Respondent has agreed to comply with Rule 9.1 of the Rules Governing Disciplinary Proceeding, 5 O.S.2001, Ch. 1, App. 1–A;

8. Respondent's resignation pending disciplinary proceedings of respondent is in compliance with Rule 8.1 of the Rules Gov-

erning Disciplinary Proceedings, 5 O.S. 2001, Ch. 1, App. 1–A;

9. Respondent's name and address appears on the official roster maintained by the Oklahoma Bar Association as follows: Rhonda V. Noland, OBA # 13550, 2821 Edgemere Dr., Norman, Oklahoma 73071;

10. Costs in this matter have been waived by complainant;

11. Respondent's resignation should be approved; and

12. This Order accepting respondent's resignation is effective as of May 5, 2011, the date the application for approval of her resignation was filed in the Court.

¶2 It is therefore **ORDERED** that complainant's application is approved and respondent's resignation is accepted and approved effective May 5, 2011.

¶3 It is further **ORDERED** that respondent's name be stricken from the Roll of Attorneys and that she make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from May 5, 2011, the effective date of her resignation.

¶4 It is further **ORDERED** that respondent comply with Rule 9.1 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A.

¶5 **DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 23rd DAY OF MAY, 2011.**

ALL JUSTICES CONCUR.